IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-539-FL

CHRISTOPHER EUGENE BUCKNER, )
)
    Plaintiff, )
)
v. ) MEMORANDUM
) & RECOMMENDATION
UNITED PARCEL SERVICE, INC. and )
TEAMSTERS LOCAL 391 )
INTERNATIONAL BROTHERHOOD )
OF TEAMSTERS, )
)
    Defendants. )

This matter is before the court on Plaintiff's motion to remand and motions to dismiss filed by Defendant United Parcel Service, Inc. ("UPS") and Defendant Teamsters Local 391 International Brotherhood of Teamsters ("Local 391"). Appropriate responses and replies have been filed, and the time for further filings has expired. Where this matter has been referred to the undersigned and the parties have not consented to the jurisdiction of the magistrate judge, the motions are undertaken pursuant to 28 U.S.C. § 636(b)(1)(B) for a memorandum and recommendation. For the reasons set forth below, it is recommended that Plaintiff's motion to remand be denied, Defendants' motions to dismiss be granted in part and denied in part, and Plaintiff be allowed to amend his complaint, if desired.

## **BACKGROUND**

In September 2009, Christopher Eugene Buckner ("Plaintiff" or "Buckner") filed an action against UPS alleging "several transgressions by [UPS] including violations of the National Labor Relations Act (NLRA), the North Carolina Wage and Hour Act (NCWHA), the Labor

Management Relations Act (LMRA), the Fair Labor Standards Act (FLSA), and some federal and state administrative code sections." Order at 1, *Buckner v. United Parcel Serv., Inc.*, No. 5:09-CV-411-BR (E.D.N.C. July 21, 2010) ("*Buckner I*"). Among other things, Buckner asserted "that [UPS] altered his time cards to keep from paying him wages and overtime pay he earned, reclassified his position but failed to pay him at the promised rate, and used improper influence to suppress employee rights, all in violation of various state and federal laws and the collective bargaining agreements . . . his union ha[d] with [UPS]." *Id.* at 1. The court found that Buckner's claims under the NCWHA were preempted by § 301 of the LMRA because they would require the court to interpret the parties' collective bargaining agreement. *Id.* at 4-6. The court, therefore, construed Buckner's state-law claims as a federal claim under § 301 of the LMRA. *Id.* at 6. Noting the absence of factual allegations concerning Buckner's compliance with any collective-bargaining-agreement-mandated remedies or any breach by the union of its duty of fair representation, the court gave Buckner the opportunity to amend his complaint to provide additional factual support for a § 301 claim. *Id.* at 8-9. The court further dismissed claims alleging the violation of state and federal regulations because there is no right to sue under the regulations. *Id.*

Buckner amended his complaint, and the court subsequently dismissed his § 301 claim for failure to state a claim upon which relief can be granted. The court explained:

> [T]he amended complaint does not contain any specific facts to show that [Buckner] exhausted his administrative remedies. However, even if the court were to find that Plaintiff did exhaust his administrative remedies, the court would still grant [UPS'] motion to dismiss because the amended complaint does not contain any allegations which show that the union breached its duty of fair representation.
>
> In the amended complaint, Plaintiff alleges that his union "was arbitrary and or grossly deficient in its representation of my grievances or issues involving seniority and pay." This statement is a legal conclusion and, as such, it is not entitled to a presumption of truth. Similarly, Plaintiff's allegation that union

> representative Steve Bishop "did fail in his duty of fair representation by not protecting and or enforcing my legal rights with regards to the [collective bargaining agreement] and or State and or Federal Laws regarding seniority and pay issues" is a conclusory statement that is devoid of specific factual allegations. Thus, neither of these statements is sufficient to show that Plaintiff is entitled to relief.
>
> Plaintiff further alleges in his amended complaint that union representative Steve Bishop "did fail in his duty of fair representation by not moving my grievances regarding seniority and pay issues to the next level in the grievance machinery outlined in the [collective bargaining agreement] effectively ending my grievance process with regards to seniority and pay." The court acknowledges that this statement does contain a specific, nonconclusory factual allegation; however, this allegation is insufficient to state a claim upon which relief can be granted [because Plaintiff has not alleged any facts to show that the union acted in an arbitrary, discriminatory or bad faith manner].

Order at 5-6, *Buckner I* (Jan. 27, 2011).

Buckner was allowed to proceed on his FLSA overtime claims, which alleged (1) "that UPS failed to pay him the proper wage rate under the collective bargaining agreement between UPS and the Teamsters labor union for weeks in which he worked overtime" and (2) "that UPS made alterations to his electronic time records, which deprived him of the appropriate pay for overtime worked." Order at 5, *Buckner I* (May 7, 2012). However, on May 7, 2012, the court entered an order granting UPS summary judgment on those claims. *Id.* The court concluded that UPS was exempt from paying Buckner overtime pursuant to the FLSA's Motor Carrier Act exemption. Moreover, the court held that Buckner's claim that he was not paid the correct rate of pay under the collective bargaining agreement could be raised only in a claim for relief under § 301 of the LMRA (which had previously been dismissed) and that Buckner had not presented sufficient evidence that he had not been properly compensated for work performed. *Id.* at 13-16. Buckner appealed, and the Fourth Circuit affirmed the court's decision and denied Buckner's request for rehearing and rehearing *en banc*. *See Buckner v. United Parcel Serv., Inc.*, No. 12-733 (4th Cir. Jan. 29, 2013).

On August 20, 2014, Buckner initiated this action by filing a complaint in the Superior Court of Wake County, North Carolina. (Compl. [DE #1 at 7-15].) Local 391, with the consent of UPS, removed the action to this court asserting federal question jurisdiction by virtue of preemption under § 301 of the LMRA. (Notice of Removal [DE #1].) Buckner has filed a motion to remand the case, which UPS and Local 391 oppose. Additionally, UPS and Local 391 have each moved to dismiss the claims against them.

## DISCUSSION

### I.  Motion to Remand

Title 28 U.S.C. § 1441(a) provides for removal of a state court action to federal court where the case originally could have been brought in federal court. The party seeking removal bears the burden of establishing jurisdiction, and any doubts as to the existence of jurisdiction must be resolved in favor of state court jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

"In most instances, the plaintiff is the master of the complaint and may avoid federal jurisdiction by relying exclusively on state law." *Childers v. Chesapeake & Potomac Tel. Co.*, 881 F.2d 1259, 1261 (4th Cir. 1989). An exception to that rule is where a state claim is completely preempted by federal law. *Id.* Section 301 of the LMRA provides for complete preemption of state-law claims alleging violation of a collective bargaining agreement or otherwise requiring interpretation of a collective bargaining agreement. *Id.* at 1261-62. Thus, § 301 provides a jurisdictional basis for removal of such claims.

Buckner's complaint asserts violations of the collective bargaining agreement by both UPS and Local 391. For example, Buckner alleges that UPS failed to pay wages due him under the collective bargaining agreement and failed to provide him with other benefits to which he was

4

entitled under the collective bargaining agreement. (Compl. ¶ 1.) As to Local 391, Buckner alleges, *inter alia*, that the union failed to honor its agreements under the collective bargaining agreement to provide "a work environment free of intimidation, harassment, [and] coercion." (Compl. ¶ 10.) These claims are based on the collective bargaining agreement, and they are therefore preempted by § 301. Accordingly, federal jurisdiction exists over these claims notwithstanding Buckner's efforts to couch them as strictly state-law claims. Because these claims originally could have been brought in federal court, removal was appropriate. Buckner's motion to remand the case should therefore be denied.

I.  **Motions to Dismiss**

   A.  **Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint or any claims contained therein that fail to state a claim upon which relief can be granted. The intent of the rule is to test the sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 872 (4th Cir.1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). While pro se complaints should be liberally construed, they are not exempt from the "requirement that a pleading contain 'more than labels and conclusions.'" *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In order to survive a 12(b)(6) motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 544. A complaint need not contain detailed factual allegations, but it must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Id.* at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which are sufficient to raise a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Facial plausibility is more than "a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. It requires the plaintiff to articulate facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**B.     Preemption**

Although denominated as state negligence and tort claims, the claims asserted in this action appear to be premised, in large part, on the same facts as alleged in *Buckner I*. Buckner complains that he did not receive all wages and benefits promised under the collective bargaining agreement, that UPS altered his timecards and pay or classification codes causing him to not be fully compensated under the collective bargaining agreement, and that UPS subjected him to a "hostile work environment full of intimidation, harassment, coercion in part to deprive [him] of promised wages, benefits and other rights and protections" owed under the collective bargaining agreement. (Compl. ¶¶ 7, 9.) Buckner further alleges that Local 391 failed to represent his interests and to protect him from UPS' actions. (Compl. ¶¶ 10-12, 14.) All of these claims require interpretation and application of the collective bargaining agreement and are therefore preempted by § 301 of the LMRA.

As the court stated in *Buckner I*, preemption does not mean that these claims are invalid. It simply means that they must be construed as federal claims under § 301. In a case like this involving a § 301 claim against both the employer and the union, a plaintiff must allege "not only that [the] employer violated the [collective bargaining agreement] but also that [the] union violated its duty of fair representation." Order at 7, *Buckner I* (July 21, 2010). In addition, the plaintiff must demonstrate that he exhausted any grievance or arbitration remedies provided in the collective bargaining agreement. *Id.* (citing *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652-53 (1965) and *Vaca v. Sipes*, 386 U.S. 171, 184 (1967)).

Defendants argue for dismissal of Buckner's § 301 claims on various grounds. First, defendants contend that Buckner's § 301 claims must be dismissed because he has failed to plead facts sufficient to support the required elements of a § 301 claim – "namely that he exhausted his administrative remedies under the [collective bargaining agreement], that [Local 391] breached its duty of fair representation, and that UPS breached the [collective bargaining agreement]." (Mem. Supp. Df. UPS' Mot. Dismiss [DE #11] at 7; Mem. Supp. Df. Local 391's Mot. Dismiss [DE #18] at 9 (adopting UPS' argument).) UPS further asserts that "Buckner's § 301 claims against it are barred by the doctrine of *res judicata*. (Mem. Supp. Df. UPS' Motion Dismiss at 7.) Local 391 argues that Buckner has failed to allege facts sufficient to establish a breach of the duty of fair representation (Mem. Supp. Df. Local 391's Mot. Dismiss at 9) and that Buckner's § 301 claims against it are barred by the statute of limitations (Mem. Supp. Df. Local 391's Mot. Dismiss at 10).

Buckner's complaint is devoid of any factual allegations to support a finding that he exhausted the grievance procedures provided in the collective bargaining agreement between UPS and Local 391. (*See* Supp. Agt. National Master UPS Agt. [DE #11-4] at 63 (requiring grievance

7

of "any controversy, complaint, misunderstanding or dispute arising as to interpretation, application or observance of any of the provisions" of the collective bargaining agreement).) In *Buckner I*, the court dismissed Buckner's § 301 claims because he had failed to provide any facts to show that he exhausted the administrative remedies contained in the collective bargaining agreement. The same is true here. While Buckner's complaint includes a conclusory statement that he has exhausted all administrative remedies (Compl. ¶ 2), he has not alleged any facts to show that he invoked the grievance procedures set forth in the collective bargaining agreement or that he attempted to do so.

Buckner's complaint also fails to state sufficient facts to support a finding that Local 391 breached its duty of fair representation. To properly state a claim for breach of the duty of fair representation, there must be facts alleged showing that the union's conduct toward the plaintiff was "arbitrary, discriminatory or in bad faith." *Vaca v. Sipes*, 386 U.S. at 190. Buckner's complaint makes only conclusory statements of negligence on the part of Local 391. As such, it is insufficient to make out a claim of breach of the duty of fair representation.

### C. Res Judicata

UPS also moves to dismiss Buckner's claims against it on the ground they are barred by the doctrine of res judicata. Res judicata, in its broadest sense, bars the litigation of matters that have previously been raised and decided by a final judgment on the merits, as well as matters that were not litigated but could have been raised in the earlier suit. *Allen v. McCurry*, 449 U.S. 90, 93 (1980). "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54 (1979).

Although generally considered an affirmative defense to be raised in an answer, res judicata may be entertained on a Rule 12(b)(b)(6) motion to dismiss where the defense is clear from the complaint. *Andrews v. Da*w, 201 F.3d 521, 524 n.1 (4th Cir. 2000). "[W]hen entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." *Id.*

In *Buckner I*, Plaintiff alleged a number of transgressions arising out of his employment with UPS, from the date of his hire as a temporary employee in October 2006 through the date of his complaint, September 14, 2009. (*See* Compl., *Buckner I* (filed Nov. 5, 2009); Am. Compl., *Buckner I* (filed Aug. 5, 2010).) He complained that UPS altered his time records and pay classifications; failed to pay him all wages and benefits due under the collective bargaining agreement and federal and state law; and that Local 391 breached its duty of fair representation in addressing these issues. In this action, Buckner likewise complains of his employment with UPS and Local 391's representation, asserting that UPS failed to pay him wages and benefits due, made unauthorized changes to his time records, and altered his pay classification. To the extent the acts alleged in the instant action occurred prior to September 14, 2009, they arise out of the same nucleus of operative facts at issue in *Buckner I* and are barred by res judicata. *See Pittson Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999) (concluding that claims are identical for purposes of claim preclusion where they arise out of the same transaction or series of transactions – they "connote a natural grouping or common nucleus of operative facts" (quoting *In re Varat Enters.*, 81 F.3d 1310, 1316 (4th Cir. 1996)).

The complaint in the instant action asserts alleged violations throughout Buckner's employment with UPS, including acts occurring since September 14, 2009, and the court's judgment in *Buckner I*. For example, Buckner complains that UPS failed to pay him all wages

9

and benefits due through August 1, 2014 (Compl. ¶ 1); and made unauthorized alterations to his time records for the weeks ending July 20, 2013, and August 31, 2013 (Compl. ¶ 2). Although not entirely clear from the complaint, it appears Buckner is also alleging that UPS violated his rights by placing him on FMLA leave or personal leave of absence following a work-related injury. (*See* Compl. ¶¶ 4, 5.) Such claims do not arise out of the same transaction or series of transactions as those alleged in *Buckner I* and are, therefore, not barred by res judicata.

D.  **Statute of Limitations**

Plaintiff's claim against Local 391 for breach of its duty of fair representation is also barred to the extent it concerns acts that occurred more than six months before the filing of the instant action. In *DelCostello v. Int'l Broth. of Teamsters*, 462 U.S. 151 (1983), the Supreme Court held that the six-month statute of limitations set forth in Section 10(b) of the NLRA applies to suits by an employee against a union for breach of the duty of fair representation. A claim for breach of the duty of fair representation accrues when a plaintiff knew or should have known of the union's wrongful acts. From Plaintiff's filing of *Buckner I*, it is evident that Plaintiff was aware of Local 391's actions prior to the filing of this action on August 20, 2014. Consequently, Plaintiff is barred from asserting any claim for breach of Local 391's duty of fair representation which arises out of acts that occurred prior to February 21, 2014.

E.  **Amendment**

As set forth above, the majority of Buckner's claims are subject to dismissal. His state-law claims are preempted by § 301 of the LMRA, and the facts alleged in Buckner's complaint are not sufficient to state a claim under § 301. Buckner has alleged no facts to support a finding either that he exhausted his administrative remedies or that Local 391 breached its duty of fair representation by acting arbitrarily, discriminatorily or in bad faith in handling his grievances. A

number of Buckner's claims against UPS are also barred by res judicata because they were either previously raised and decided in *Buckner I* or could have been litigated in that action. Finally, any claim against Local 391 for breach of the duty of fair representation arising out of acts occurring prior to February 21, 2014, is barred by the statute of limitations.

Given the number of deficiencies that exist and in deference to Buckner's pro se status, it is recommended that Buckner be given an opportunity to cure the pleading defects by amending his complaint to properly state any claims he may have under § 301 of the LMRA, the FLSA[1] or the FMLA. In the event Buckner fails to file an amended complaint addressing the deficiencies hereinabove noted, all his remaining claims should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## **CONCLUSION**

For the foregoing reasons, it is RECOMMENDED that:

1. Plaintiff's motion to remand [DE #7] be DENIED;

2. Defendant UPS' motion to dismiss for failure to state a claim [DE #10] be GRANTED IN PART and DENIED IN PART and Plaintiff's claims against UPS for acts that occurred prior to September 14, 2009, be DISMISSED as barred by res judicata;

3. Defendant Local 391's motion to dismiss for failure to state a claim [DE #17] be GRANTED IN PART and DENIED IN PART and Plaintiff's claims for breach of the duty of fair representation for acts that occurred prior to February 21, 2014, be DISMISSED as barred the statute of limitations; and

4. Plaintiff be allowed an opportunity to AMEND his complaint to properly state any claims he may have under the FLSA, the FMLA, or § 301 of the LMRA.

---

[1] In *Buckner I*, the court determined that UPS was exempt from paying overtime wages to Buckner based upon the Motor Carrier Act ("MCA") exemption. It is not clear whether Buckner is asserting any claims pursuant to the FLSA, and the undersigned therefore expresses no opinion as to the MCA exemption's applicability to this case.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **August 20, 2015**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

A party that does not file written objections to the Memorandum and Recommendation by the foregoing deadline, will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, a party's failure to file written objections by the foregoing deadline may bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 3rd day of August 2015.

_____
KIMBERLY A. SWANK
United States Magistrate Judge