IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-539-FL

| | |
|---|---|
| CHRISTOPHER EUGENE BUCKNER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED PARCEL SERVICE, INC. and )<br>TEAMSTERS LOCAL 391, )<br>)<br>Defendants. )<br>)<br>) | ORDER |

This matter is before the court on plaintiff's motion to remand (DE 7) and defendants' motions to dismiss. (DE 10 & 17). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Kimberly A. Swank entered a memorandum and recommendation ("M&R"), (DE 30), wherein it is recommended that plaintiff's motion be denied, defendants' motions be granted in part and denied in part, and plaintiff be given an opportunity to amend his complaint. Plaintiff and defendant Teamsters Local 391 ("Teamsters") timely filed objections to the M&R, and the time for further response has expired. In this posture, the matter is ripe for ruling. For the reasons stated below, the court adopts the recommendation of the magistrate judge in part, rejects the recommendation in part, denies plaintiff's motion to remand, declines to allow plaintiff the opportunity to amend his compliant, and grants defendants' motions for dismissal.

## STATEMENT OF THE CASE

On August 20, 2014, plaintiff initiated this action by filing a complaint pro se in the Superior Court of Wake County, North Carolina asserting violations by defendants of the policies and agreements governing his employment. (DE 1). Defendant Teamsters, with the consent of defendant United Parcel Service ("UPS"), removed the action to this court, asserting federal question jurisdiction by virtue of preemption under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (DE 1). Plaintiff filed a motion to remand (DE 7) on September 25, 2014, which defendants opposed (DE 11 & 15), and both defendants have filed motions to dismiss. (DE 10 & 17). Plaintiff filed responses to defendants' separate motions on October 14, 2014 and October 16, 2014. (DE 22 & 25).

## STATEMENT OF THE FACTS

Plaintiff has been employed with defendant UPS since October 2006, and at some point during his career, began paying dues to defendant Teamsters, a union. (Compl., DE 1). Plaintiff alleges that defendant UPS has violated his rights by failing to pay him wages and benefits due under "agreements" and "practices," as well as by creating a hostile work environment in contravention of "established practices." Id. at ¶¶1, 15. Plaintiff also alleges defendant UPS committed fraud by altering his time cards and placing false documentation in his employee file. Id. ¶¶4-6. With regards to defendant Teamsters, plaintiff alleges that defendant Teamsters failed to protect him from defendant UPS, and abrogated its duty to provide him with a "work environment free of intimidation, harassment, [and] coercion." Id. ¶ 10.

Plaintiff now claims the acts of defendants violate North Carolina law, rather than federal law. (Pl. Mot. to Remand, DE 7). The magistrate judge has construed any state claim to be

preempted by federal law, however, and therefore bases plaintiff's claims in § 301 of the LMRA, as the claims require the interpretation of a collective bargaining agreement ("CBA"). (M&R at 6, DE 30). Many of plaintiff's current claims implicate incidents ranging back through his "entire employment." (Compl. ¶¶ 1-4, 9-11, 14-16).

In September 2009, however, plaintiff brought similar employment grievances against defendant UPS before this court, and based those claims on the LMRA, the National Labor Relations Act ("NLRA"), and the Fair Labor Standards Act ("FLSA"). See Buckner v. United Parcel Service, Inc., No. 5:09-CV-411-BR, 2012 WL 1596726 (E.D.N.C. May 7, 2012), affirmed 489 Fed.App'x 709 (4th Cir. 2012), certiorari denied 134 S. Ct. 70 (2013) ("Buckner I"). In Buckner I, plaintiff also attempted to raise issues under the North Carolina Wage and Hour Act ("NCWHA"), but this court held that the state law claims were preempted by § 301 of the LMRA. Id. Plaintiff's claims were largely dismissed for failure to state a claim, but plaintiff's FLSA failure to pay overtime claims, as well as claims alleging defendant UPS altered plaintiff's time cards and deprived him of appropriate pay, proceeded to summary judgment. Id. On May 7, 2012, the court granted defendant UPS summary judgment on those claims, and plaintiff's subsequent appeals for rehearing were not granted. Id.

**COURT'S DISCUSSION**

A.      Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718

3

F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint, but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); see also Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999). A complaint states a claim under 12(b)(6) if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

"Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (internal citations omitted).

    B.    Analysis

Plaintiff raises three objections. Plaintiff specifically argues that the magistrate erred in denying his motion to remand, because no interpretation of the CBA is required on the face of the complaint. Plaintiff maintains his claims are based entirely under the NCWHA. Plaintiff further

objects, generally, to the dismissal pursuant to 12(b)(6) and the magistrate judge's reading of the allegations in the complaint. Defendant Teamsters objects to the magistrate judge's recommendation that plaintiff be given an opportunity to amend his complaint to properly state any claim he may have not barred by res judicata and the applicable statute of limitations. Defendant UPS has lodged no objection to the M&R.

        1.      Plaintiff's Motion to Remand

Plaintiff objects that the magistrate judge construed his complaint as a claim under § 301 of the LMRA and recommended denial of plaintiff's motion to remand. Plaintiff argues that only defendants bring the CBA into issue, and cites the decision in Caterpillar Inc. v. Williams, 482 U.S. 386 (1987) which denied federal court jurisdiction when the CBA was first raised by the defense. Plaintiff argues that his claims, like those litigated in Caterpillar and Livadas v. Bradshaw, 512 U.S. 107 (1994), arise solely under the contracts and policies in existence between plaintiff and defendants. He contends that defendants have caused him harm by violating these policies in contravention of North Carolina state law. Plaintiff is correct that the federal question must arise on the face of the complaint to establish jurisdiction, but misstates the substance of his own complaint.

Plaintiff explicitly asks the court to interpret his collective bargaining agreement in his complaint, and again within his response to defendant UPS's motion to dismiss, despite plaintiff's assertions to the contrary. (Compl. ¶¶ 10-16, DE 1; Pl. Resp. to First Mot. to Dismiss, DE 22-2). Plaintiff has no reason to bring defendant Teamsters into the action if the suit is limited to state contract law claims against defendant UPS, because defendant Teamsters's obligations to plaintiff are bound to his membership and the CBA. Defendant UPS's purported policies and promises are

5

objects, generally, to the dismissal pursuant to 12(b)(6) and the magistrate judge's reading of the allegations in the complaint. Defendant Teamsters objects to the magistrate judge's recommendation that plaintiff be given an opportunity to amend his complaint to properly state any claim he may have not barred by res judicata and the applicable statute of limitations. Defendant UPS has lodged no objection to the M&R.

    1.    Plaintiff's Motion to Remand

Plaintiff objects that the magistrate judge construed his complaint as a claim under § 301 of the LMRA and recommended denial of plaintiff's motion to remand. Plaintiff argues that only defendants bring the CBA into issue, and cites the decision in Caterpillar Inc. v. Williams, 482 U.S. 386 (1987) which denied federal court jurisdiction when the CBA was first raised by the defense. Plaintiff argues that his claims, like those litigated in Caterpillar and Livadas v. Bradshaw, 512 U.S. 107 (1994), arise solely under the contracts and policies in existence between plaintiff and defendants. He contends that defendants have caused him harm by violating these policies in contravention of North Carolina state law. Plaintiff is correct that the federal question must arise on the face of the complaint to establish jurisdiction, but misstates the substance of his own complaint.

Plaintiff explicitly asks the court to interpret his collective bargaining agreement in his complaint, and again within his response to defendant UPS's motion to dismiss, despite plaintiff's assertions to the contrary. (Compl. ¶¶ 10-16, DE 1; Pl. Resp. to First Mot. to Dismiss, DE 22-2). Plaintiff has no reason to bring defendant Teamsters into the action if the suit is limited to state contract law claims against defendant UPS, because defendant Teamsters's obligations to plaintiff are bound to his membership and the CBA. Defendant UPS's purported policies and promises are

also intrinsically bound to the contents of the CBA, as plaintiff has provided the court with no facts by which the court can separate any contract or legally binding policies out as independent of the CBA. While the court must liberally construe the complaints of pro se plaintiffs, and only dismiss pro se claims if it is beyond doubt that the plaintiff can prove no set of facts in support of his claims, the court has no basis to read plaintiff's complaint as arising independently of the CBA. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Twombly, 550 U.S. at 555. The duties plaintiff believes defendants owe him do not arise under state law, and the factual nexus claimed by plaintiff is the very same as claims he previously brought as federal claims before this court. See Buckner I.

As a result, plaintiff's complaint cannot be addressed without interpreting the CBA, and claims requiring interpretation of a CBA are preempted by § 301 of the LMRA. Childers v. Chesapeake & Potomac Tel. Co., 881 F.2d 1259, 1261-62 (4th Cir. 1994). Defendant's removal to federal court was therefore proper, and plaintiff's motion to remand (DE 7) is denied.

2. Defendants' Motions For Dismissal

Plaintiff objects to the magistrate judge's determination that plaintiff's claims fail to state a claim upon which relief can be granted. He argues that under the North Carolina Rules of Civil Procedure, his claims would be sufficient to withstand a motion to dismiss, but provides the court with only a conclusory statement in support of the assertion. Plaintiff fails to object to, and explain specifically how, the issues of res judicata arising from plaintiff's previous claims against defendant UPS and the running of statute of limitations[1] would be resolved differently under the North Carolina Rules of Procedure. Further, in federal court, the federal rules of civil procedure generally

---

[1] The magistrate judge applied DelCostello v. Int'l Broth. of Teamsters, 462 U.S. 151 (1983) only to the claims against defendant Teamsters. The statute of limitations in DelCostello, however, applies both to unions and employers like defendant UPS in a hybrid breach of CBA/fair representation action. Id. at 155; 164-65.

6

apply, and any vague objection to such application is without merit. See generally, Erie R. Co. v. Tompkins, 304 U.S. 64 (1938).

Plaintiff also claims the M&R "asserts accusations" not found in the complaint, and "ignores every undisputed evidence and statement of the Plaintiff submitted to this Court." (Pl. Obj. to the M&R ¶¶ 7-8, DE 31). Plaintiff, however, does not indicate what assertions he finds to be incorrect, nor what particular evidence the magistrate judge overlooked. Because of the lack of specificity to plaintiff's objection, the court looks only for clear error in the remaining determinations of the magistrate judge. The court, upon a review of the evidence on the record, finds no such clear error, and plaintiff's claims must be dismissed for failure to state a claim upon which relief can be granted, res judicata, and statute of limitations grounds.

        3.        Plaintiff's Opportunity to Amend

The magistrate judge, while acknowledging that all plaintiff's claims as currently stated fail to state a claim upon which relief can be granted, recommends that plaintiff be given an opportunity to amend any claims not barred by res judicata and the statute of limitations in order to correct the Rule 12(b)(6) deficiencies. Plaintiff has not moved to amend his complaint, however, and defendant Teamsters objects to the magistrate judge's recommendation, suggesting instead that the proper resolution would be to dismiss without prejudice the claims not barred by res judicata and the applicable statute of limitations. The court agrees with defendant Teamsters.

While the court must construe plaintiff's pro se complaint liberally, the court is not required to give plaintiff the opportunity to amend his complaint where he has not demonstrated grounds to do so. As plaintiff asserts, he is indeed "master of the complaint," and for that reason, it is plaintiff's responsibility to state a claim upon which relief may be granted and to ask for opportunities to

7

Case 5:14-cv-00539-FL   Document 33   Filed 09/23/15   Page 7 of 8

amend the complaint when more specificity is required. (Pl. Resp. to First Mot. to Dismiss at 3, DE 22); See generally, Twombly, 550 U.S. at 557-58 ("[S]omething beyond the mere possibility of loss causation must be alleged, lest a plaintiff with a 'largely groundless claim' be allowed to 'take up the time of a number of other people.'") ("'[T]his basic deficiency should...be exposed at the point of minimum expenditure of time and money by the parties and the court.'") (internal citations omitted). As a result, plaintiff's claims not barred by res judicata and the statute of limitations against both defendants must be dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

Based on the foregoing, the court ADOPTS IN PART and REJECTS IN PART the recommendation of the magistrate judge as set forth herein. Plaintiff's motion to remand (DE 7) is DENIED. Defendants' motions for dismissal (DE 10 & 17) are GRANTED. Any claims originating from the same factual nexus as was addressed in this court's prior summary judgment ruling (Buckner I) are DISMISSED WITH PREJUDICE on the basis of res judicata. Any claims under the LMRA and NLRA not disposed of by res judicata and arising from occurrences prior to February 21, 2014 are also DISMISSED WITH PREJUDICE, as the statute of limitations has run. All other claims are DISMISSED WITHOUT PREJUDICE. The clerk is DIRECTED to close this case.

SO ORDERED this the 22nd day of September, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge